UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMIE TRUSLEY, WE THE DIVINE INCORPORATED, and WE THE DIVINE IMMORTAL SPIRIT,<br><br>*Plaintiffs*,<br><br>*vs.*<br><br>JPMORGAN CHASE BANK, N.A. and JPMORGAN SECURITIES, LLC,<br><br>*Defendants*. | No. 1:17-cv-00108-JMS-MPB |

## **ORDER**

*Pro se* Plaintiff Jamie Trusley, along with Plaintiffs We the Divine Incorporated and We the Divine Immortal Spirit, bring this action against Defendants JPMorgan Chase Bank, N.A. ("Chase") and JPMorgan Securities, LLC ("JPMorgan") and state that they are suing for Defendants' violations of the Freedom of Information Act ("FOIA") and because Defendants committed "fraud." [Filing No. 1.] Defendants have moved to dismiss Plaintiffs' Complaint, [Filing No. 11], and that motion is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint

provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The Court notes at the outset that it is difficult to discern the specific claims Plaintiffs are attempting to set forth in their Complaint. The following are the factual allegations in the Complaint, which the Court must accept as true at this time:

> This action is created out of Defendants['] role in connection with there [sic] violation of 5 U.S. Code § 552. Freedom of Information Act. Defendant(s) are guilty after plaintiff repeatedly requested reciept (sic) for lose (sic) of funds. They were aware of there (sic) terms and conditions. We believe this is due to some financial gain they recieve (sic), releasing information without Our consent to third parties, commiting (sic) fraud in the process.

[Filing No. 1 at 1.] Plaintiffs demand $36,000,000 in damages and "compensation for forced actions as surety in all acts in commerce or law." [Filing No. 1 at 2.]

# III.
## DISCUSSION

Defendants raise three main arguments in support of their Motion to Dismiss: (1) that the Complaint does not state an actionable claim under FOIA; (2) that Plaintiffs have not adequately alleged "fraud"; and (3) that the "Plaintiff" is listed as a corporation, and corporations cannot proceed *pro se* so its claims must be dismissed. [Filing No. 12 at 4-8.]

In response, Plaintiffs first argue that We the Divine Incorporated is a registered California corporation, and Mr. Trusley is the President of the Board and Founder. [Filing No. 15 at 1.] Plaintiffs do not respond specifically to Defendants' arguments, but set forth the actions that form the basis of their lawsuit with more specificity than in the Complaint. Specifically, Plaintiffs state:

> The Defendants refused to release documentation, or accounting for certain securities they managed. The defendant's (sic) act as a subsidiary to Federal Agencies and comply with them. Breach of contract was executed when [t]he Defendants did in fact violate there (sic) policy's (sic) and procedures, as well as refused to disclose information to the non consenting party involved with certain securities. There (sic) failure to respond and release our property is a violation of 5 U.S.C. Section 552.
>
> To emphasize we believe on or about April 14th, 2016, J.PMORGAN CHASE BANK…, JPMORGAN SECURITIES intercepted a deposit of $6870.00, to be transferred Our account without Our consent, while releasing $2547.00 to a (sic) undisclosed party. Bank representative Bernadette and Bank Manager Robin Williams were aware there was an error during the transfer of funds, yet when asked to disclose the receipt of funds, or who claimed the funds from Our account, the defendants and their colleagues refused. Without Our consent, funds were illegally removed, supervised by the defendant's (sic). We intend to prove Our facts that the Defendants did in fact know about the illegal release of Our properties person, papers, articles, and effects, violating the 4th Amendment, including many other inalienable rights. The Defendants['] negligence did in fact injure our property, as well as Our corporation We The Divine Incorporated[']s accounting and interrupting in acts in commerce. To clarify the type of fraud we believe was committed on the Defendants['] behalf was security and identity fraud, directly assaulting and molesting Our Life, Liberty, and Pursuit of Happiness. Our claim is clear and like doctrine res ipsa loquitor (the case speaks for itself).

[Filing No. 15 at 1-2.]

On reply, Defendants reiterate their arguments that Plaintiffs have not stated a claim under FOIA and have not properly pled a claim for fraud. [Filing No. 16 at 2-4.] Additionally, they argue that even if the Court were to consider the claims Plaintiffs appear to raise in their response brief – for breach of contract, negligence, and Fourth Amendment violations – they are meritless. [Filing No. 16 at 4-6.]

### A. Entity Plaintiffs

It is difficult to discern from the Complaint whether "We the Divine Incorporated" and "We the Divine Immortal Spirit" are entities which intend to assert claims on their own behalf. The Complaint states that claims are brought by "We, the Divine Immortal Spirit expressed in Trust to the Living Flesh known as Jamie Rod Trusley, Trustee of both Flesh and Spirit, and President of We The Divine Incorporated." [Filing No. 1 at 1.] In response to Defendants' Motion to Dismiss, Plaintiffs state that "We The Divine Immortal Spirit, is the secured party creditor for the Plaintiff Jamie Rod-Trusley. Jamie Rod-Trusley acts as Surety in all legal matters…. We The Divine Incorporated is a registered California corporation, which Jamie Rod-Trusley is the President of the Board, and Founder." [Filing No. 15 at 1.]

To the extent that We the Divine Incorporated and We the Divine Immortal Spirit are entities, no attorneys have entered appearances on their behalf. Entities cannot proceed *pro se* and Mr. Trusley may not represent those entities because he is not a licensed attorney. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("Corporations cannot appear pro se, and one pro se litigant cannot represent another") (citations omitted). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss with respect to any claims asserted by We the Divine Incorporated and We the Divine Immortal Spirit. The Court will assume, out of an abundance of caution, that Mr.

Trusley intends to assert claims on his own behalf, independent of the entities, and will consider those claims in light of Defendants' Motion to Dismiss.

### B. FOIA Claim

Mr. Trusley alludes to FOIA violations in his Complaint, but does not provide any further details other than vaguely asserting in his response brief that "[b]ank representatives Bernadette and Bank Manager Robin Williams were aware there was an error during the transfer of funds, yet when asked to disclose the receipt of funds, or who claimed the funds from Our account, the defendants and their colleagues refused." [Filing No. 15 at 2.]

"FOIA requires government agencies to disclose their records to the public." *Appleton Papers, Inc., v. U.S. E.P.A.*, 702 F.3d 1018, 1022 (7th Cir. 2012); *see also* 5 U.S.C. § 552. Mr. Trusley does not allege that Defendants are government agencies subject to FOIA and, in fact, they are not.[1] To the extent Mr. Trusley asserts claims under FOIA against Defendants, Defendants' Motion to Dismiss is **GRANTED** and those claims are **DISMISSED**.

### C. Fourth Amendment Claim

The Complaint does not contain any references to the Fourth Amendment, but Mr. Trusley states in his response brief that "[w]e intend to prove Our facts that the Defendants did in fact know about the illegal release of Our properties person, papers, articles, and effects, violating the 4th Amendment, including many other inalienable rights." [Filing No. 15 at 2.] Mr. Trusley may not amend his Complaint through statements in his response brief. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (plaintiff could not amend complaint "through arguments in his brief in opposition to a motion for summary judgment") (citation and quotation omitted).

---

[1] Mr. Trusley states in his response brief that Defendants "act as a subsidiary to Federal Agencies, and comply with them," [Filing No. 15 at 2], but this vague allegation is not sufficient to support a FOIA claim against two private companies.

Even considering Mr. Trusley's statements in his response brief, they do not come anywhere close to adequately alleging a Fourth Amendment claim.  And, in fact, a Fourth Amendment claim appears foreclosed by Defendants' status as private entities, as opposed to state actors.  Mr. Trusley's lone statement that he intends to prove that Defendants violated the Fourth Amendment does not provide Defendants with "fair notice of what the…claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic,* 550 U.S. at 550), or "'state a claim to relief that is plausible on its face,'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  To the extent Mr. Trusley alleges a Fourth Amendment claim, that claim is **DISMISSED**.

### D. Other Claims

Mr. Trusley mentions "fraud" in his Complaint, and potentially raises breach of contract and negligence claims in his response brief.  These are all state law claims, for which Mr. Trusley does not set forth a basis for this Court's jurisdiction.  He does not allege that the Court has diversity jurisdiction over these claims – he does not set forth his citizenship, Defendants' respective citizenships, nor the amount in controversy.  The amounts he does mention, "$6870.00, to be transferred Our account without Our consent, while releasing $2547.00 to a (sic) undisclosed party," fall far short of the jurisdictional requirement of $75,000, exclusive of interest and costs.  28 U.S.C. §1332.  Even assuming Mr. Trusley has adequately pled these state law claims, they are **DISMISSED** because the Court does not have jurisdiction over those claims.

# IV.
## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, [Filing No. 11], is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.[2]  Final judgment shall enter accordingly.

Date:  June 19, 2017

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Jamie Trusley
5542 Woodhollow Drive
Indianapolis, IN 46239

**Distribution via ECF only to all counsel of record**

---

[2] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course in response to a motion to dismiss.  *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011).  The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion.  A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."  Plaintiffs chose not to amend their Complaint in response to Defendants' Motion to Dismiss, opting instead to brief the motion and adjudicate the issues.  The Court is not required to give Plaintiffs another chance to plead their claims because they have already had an opportunity to cure deficiencies in their pleadings.  *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998).  Further, Plaintiffs have not given any indication that they could, in fact, successfully amend their Complaint to cure the defects identified above, even if given the opportunity to do so.  Accordingly, the Court, in its discretion, dismisses Plaintiffs' claims with prejudice.